IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| REGINALD LEE | * | |
| Plaintiff | * | |
| v | * | Civil Action No.: S-02-2843 |
| OFFICER DANTE HEMINGWAY, et al. | * | |
| Defendants | * | |

* * * * * * * * * * * * * *

**MEMORANDUM IN SUPPORT OF DEFENDANT
STEVENSON'S MOTION FOR ORDER COMPELLING DISCOVERY**

Defendant Nathan Stevenson, by undersigned counsel, respectfully submits this Memorandum In Support of his Motion for Order Compelling Discovery.

The procedure regarding Motions to Compel set forth under Local Rule 104.8 does not apply to this Motion, since no responses to Defendant's Interrogatories and Requests for Production of Documents have been served upon Defendant Stevenson.

A default sanction, can, under certain circumstances, provide an appropriate response to the violation of a Rule 16 Scheduling Order. Rule 37 permits a trial court to impose sanctions when "a party fails to obey an order to provide or permit discovery." Fed.R.Civ.P. 37(b)(2). In *Rabb v. Amatex Corp.*, 769 Fed.2d. 996, 999 (4th Cir. 1985), the Fourth Circuit adopted the view that "'[a]mong the sanctions now authorized by Rule 16 are the penalties for violation of discovery

order contained in Rule 37(b)(2)(B), (C), and (D),'" which include default. The Court quoted *3 Moore's Federal Practice*, ¶16.32 (1985) (affirming summary judgment as sanctions against Plaintiff, after counsel failed to respond in a timely fashion to Defendant's Interrogatories). *See Hathcock v. Navistar International Transportation Corporation*, 53 Fed.3d 36, 40 (4th Cir. 1995). Before imposing a default, it appears that the Court should warn a plaintiff about the possibility of a default before entering such a sanction. *Hathcock, supra* at 40-41.

Plaintiff was evasive in his deposition testimony concerning the identity of persons who had allegedly witnessed the incident which resulted in this lawsuit. Defendant Stevenson believes that the only clear way to pin down the Plaintiff with respect to the identity of his witnesses is to obtain written Answers to Interrogatories. Under the Court's Scheduling Order, depositions and all other discovery are to be completed by April 16, 2001. Plaintiff's failure to respond to written discovery to date may make it very difficult for the Defendant to complete discovery by April 16, 2003 and will probably require an Amended Scheduling Order. Under these circumstances, the Plaintiff should be compelled to provide written responses to Defendants discovery requests as soon as possible.

Respectfully submitted,

EDWARD J. GILLISS
County Attorney

                                                  _____
JAMES J. NOLAN, JR.
Assistant County Attorney
400 Washington Avenue, Room 219
Baltimore, MD 21204
410-887-4420

Attorney(s) for Defendant Nathan Stevenson